UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

CRYSTAL HERMIZ,

        Plaintiff,                 Case No. 2:16-cv-14089
                                                     Hon. Victoria A. Roberts

vs.

CREDIT ACCEPTANCE CORPORATION,
a Michigan corporation,

        Defendant.
_____/

| Carol A. Laughbaum (P41711) | Michael J. Bommarito (P36870) |
|---|---|
| Brian J. Farrar (P79404) | Susan D. Koval (P59297) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| STERLING ATTORNEYS AT LAW, P.C. | NEMETH LAW, P.C. |
| 33 Bloomfield Hills Pkwy., Ste. 250 | 200 Talon Centre Dr., Ste. 200 |
| Bloomfield Hills, MI 48304 | Detroit, MI 48207 |
| (248) 644-1500 | (313) 567-5921 |
| claughbaum@sterlingattorneys.com | mbommarito@nemethlawpc.com |
| bfarrar@sterlingattorneys.com | skoval@nemethlawpc.com |

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS AND COMPEL ARBITRATION**

      Plaintiff Crystal Hermiz by her attorneys Sterling Attorneys at Law P.C. responds in opposition to *Defendant's Motion to Dismiss or, in the Alternative, Stay Proceedings and Compel Arbitration* as set forth more fully in the accompanying brief and exhibits, and respectfully requests an Order denying that motion.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

───────────────

CRYSTAL HERMIZ,

        Plaintiff,                  Case No. 2:16-cv-14089
                                                    Hon. Victoria A. Roberts

vs.

CREDIT ACCEPTANCE CORPORATION,
a Michigan corporation,

        Defendant.
_____/

| Carol A. Laughbaum (P41711) | Michael J. Bommarito (P36870) |
|---|---|
| Brian J. Farrar (P79404) | Susan D. Koval (P59297) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| STERLING ATTORNEYS AT LAW, P.C. | NEMETH LAW, P.C. |
| 33 Bloomfield Hills Pkwy., Ste. 250 | 200 Talon Centre Dr., Ste. 200 |
| Bloomfield Hills, MI 48304 | Detroit, MI 48207 |
| (248) 644-1500 | (313) 567-5921 |
| claughbaum@sterlingattorneys.com | mbommarito@nemethlawpc.com |
| bfarrar@sterlingattorneys.com | skoval@nemethlawpc.com |

_____/

**BRIEF IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE,
STAY PROCEEDINGS AND COMPEL ARBITRATION**

## TABLE OF CONTENTS

COUNTER-STATEMENT OF ISSUES PRESENTED ............................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................... iii

INDEX OF AUTHORITIES ........................................................................ iv

I.   INTRODUCTION .......................................................................... 1

II.  COUNTER-STATEMENT OF FACTS ............................................. 1

III. LEGAL ANALYSIS ........................................................................ 2

   A.   An arbitration agreement that does not allow for reasonable discovery is unenforceable ........................................................ 2

   B.   Defendant's "cost splitting" provision is also unenforceable ......... 6

IV.  CONCLUSION ............................................................................... 6

## COUNTER-STATEMENT OF ISSUE PRESENTED

Is Defendant's arbitration agreement, which limits the parties in this employment discrimination case to just one deposition each, unenforceable?

      Plaintiff answers:      Yes
      Defendant answers:      No

      The Court should answer:      Yes

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Walker v Ryan's Family Steak Houses, Inc*, 400 F3d 370 (6th Cir 2005)

*Hurnvenich v Arvinmeritor, Inc*, 10-cv-10278 (ED Mich Dec 22, 2010)

# INDEX OF AUTHORITIES

## Case Law

*Cooper v MRM Inv Co,* 367 F3d 493 (6th Cir 2004) ............................................. 3
*DeOrnellas v Aspen Square Mgt, Inc*, 295 F Supp 2d 753 (ED Mich 2003) ........... 6
*Ferguson v Countrywide Credit Indus,* 298 F3d 778 (9th Cir 2002) ....................... 4
*Hurnvenich v Arvinmeritor, Inc*, 10-cv-10278 (ED Mich Dec 22, 2010) ........ 3, 4, 5
*Morrison v Circuit City Stores, Inc,* 317 F3d 646 (6th Cir 2003) ....................... 2, 6
*Rembert v Ryan's Family Steak Houses, Inc,* 235 Mich App 118 (1999) ............ 3, 5
*Seawright v Am Gen Fin Services, Inc*, 507 F3d 967 (6th Cir 2007) ...................... 2
*Walker v Ryan's Family Steak Houses, Inc*, 400 F3d 370 (6th Cir 2005) ................ 3
*Walker v Ryan's Family Steak Houses, Inc*, 289 F Supp 2d 916 (MD Tenn 2003) aff'd 400 F3d at 388 ............................................................................... 4

## Statutes, Court Rules, Misc.

29 USC 2601 ............................................................................................................ 1
MCL 37.2101 ........................................................................................................... 1

## I. INTRODUCTION

This is an action for pregnancy/sex discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*; and for violations of the Family and Medical Leave Act, 29 USC 2601 *et seq.*, arising out of Plaintiff's employment relationship with Defendant.

Defendant seeks to dismiss Plaintiff's complaint and compel arbitration, relying on its employer promulgated arbitration agreement that limits Plaintiff to taking just one deposition. This is a clearly unreasonable restriction on discovery which renders the arbitration agreement unenforceable, and Defendant's motion should be denied.

## II. COUNTER STATEMENT OF FACTS[1]

Plaintiff Crystal Hermiz became employed by Defendant on July 30, 2012 as a Credit Analyst (see **Exh A**, Complaint, ¶6). In April 2015, she was promoted to Senior Credit Analyst (*Id* at ¶7). Throughout her employment, Defendant consistently ranked Plaintiff as the #1 or #2 analyst in the entire department (of 85 analysts) (*Id* at ¶9). In late 2014, Plaintiff moved to a new team within her department and began reporting to a new manager, Regina Lee (*Id* at ¶10). At that time, Plaintiff was suffering from migraines and was intermittently using time under the Family Medical Leave Act ("FMLA") to cope with her

---

[1] For purposes of this motion, the Court must accept as true the facts pled in the complaint. *Handy-Clay v City of Memphis, Tenn*, 695 F3d 531, 535 (6th Cir 2012).

1

symptoms (*Id* at ¶11). Previously, Defendant's Human Resources Department had approved Plaintiff use of up to two days of FMLA leave per week (*Id* at ¶12). Lee repeatedly expressed disapproval of and hostility toward Plaintiff with respect to her use of FMLA leave, telling Plaintiff, "I can't just let you leave when you want," and informing Plaintiff that she could not take a full day of FMLA leave, but was restricted to taking a maximum of four hours of time off on any given day (*Id* at ¶13).

In early July 2016, Plaintiff Hermiz informed Ms. Lee that Plaintiff was pregnant and that she would be requiring FMLA leave due to her pregnancy (*Id* at ¶¶15-16). Less than one month later, Defendant fired Plaintiff on the purported basis of "job abandonment" (*Id* at ¶26). Defendant's treatment and termination of Plaintiff were based on unlawful consideration of her pregnancy, and Plaintiff having exercised her rights under the FMLA (*Id* at ¶30; ¶38).

### III.   LEGAL ANALYSIS

**A.   An arbitration agreement that does not allow for reasonable discovery is unenforceable.**

Because arbitration agreements are contracts, they are reviewed in accordance with the applicable state law of contract formation. *Seawright v Am Gen Fin Services, Inc*, 507 F3d 967, 972 (6th Cir 2007); *Morrison v Circuit City Stores, Inc,* 317 F3d 646, 666 (6th Cir 2003) (the enforceability of an arbitration agreement is analyzed according to state contract law). Therefore, traditional

2

contract defenses such as "fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or **unconscionability**, may invalidate arbitration agreements." *Cooper v MRM Inv Co,* 367 F3d 493, 498 (6th Cir 2004) (emphasis added). When an arbitration agreement places unreasonable restrictions on discovery, it is unenforceable. *Walker v Ryan's Family Steak Houses, Inc*, 400 F3d 370, 387-88 (6th Cir 2005) (an arbitration agreement that limits discovery to just one deposition was **unconscionable** and therefore, unenforceable); see also *Rembert v Ryan's Family Steak Houses, Inc,* 235 Mich App 118, 161 (1999) (to satisfy requirements of procedural fairness, arbitration procedures involving employee's statutory employment discrimination claims must provide.... *reasonable discovery*), *discussed further, below.*

Here, Defendant's arbitration agreement limits each side to just one fact deposition unless the arbitrator grants additional discovery upon a showing of "substantial need" (see **Exh B**, Arbitration Agreement). In *Hurnvenich v Arvinmeritor, Inc*, 10-cv-10278, the Honorable Denise Page Hood invalidated a nearly identical arbitration agreement that restricted the parties to just one deposition absent a showing of substantial need.[2] While recognizing "that parties to an arbitration agreement should expect circumscribed discovery," Judge Hood held that the one deposition restriction did not constitute

---

[2] A copy of Judge Hood's decision in *Hurnevich* is attached as **Exh C**.

3

"reasonable discovery." *Id* at 6. The Court found that "[s]ubstantial need is too high of a threshold to provide for reasonable discovery. Because the Agreement does not provide for reasonable discovery, it is rendered unenforceable." *Id.* Not only did *Hurnvenich* have a nearly identical arbitration agreement – it also was a pregnancy/sex discrimination and FMLA case, like the present.

In *Walker*, another employment case, the Sixth Circuit recognized that limited discovery can pose an unfairness to claimants. *Walker*, 400 F3d at 387. The district court noted that "[e]mployment claims often require an employee to conduct many depositions (e.g., co-workers, supervisors, etc.) to make out her case, while employers are often able to defend such claims with only one deposition – that of the employee. Thus, employees usually have a need for more discovery than employers, and stringent limitations on depositions such as those promulgated by [defendant] more heavily burden the employee than the employer." *Walker v Ryan's Family Steak Houses, Inc*, 289 F Supp 2d 916, 925 (MD Tenn 2003) aff'd 400 F3d at 388 (agreeing that the discovery limits were so restrictive that employees could not adequately vindicate their rights).

Courts have refused to enforce arbitration agreements that limited depositions to as many as three per side. In *Ferguson v Countrywide Credit Indus,* 298 F3d 778 (9th Cir 2002), the Court invalidated an arbitration agreement that restricted discovery to three depositions (not counting the deposition of experts), refusing to enforce it. *Id* at 786.

4

Before Defendant filed its motion, Plaintiff's Counsel advised Defense Counsel of the problematic "one deposition" issue, and specifically directed Defense Counsel to Judge Hood's opinion in *Hurnevich* (a case brought by Plaintiff's counsel), and the cases cited therein, including the binding Sixth Circuit *Walker* opinion - both of which are directly on point and from this circuit. Yet, in its motion, Defendant wholly ignores the "one deposition" issue, *Hurnevich* and *Walker.* Defendant argues that because Plaintiff signed an agreement to arbitrate, her claims must be submitted to arbitration, period.

Rather than address the reasonable discovery requirements set forth by the courts in *Hurnvenich*, *Walker*, and Rembert, above, Defendant's motion simply recites boilerplate legal arguments concerning the general enforceability of arbitration agreements. Plaintiff does not dispute that courts in this district have previously enforced agreements to arbitrate. What Defendant's argument misses is that those agreements must be reasonable – and a one deposition limit on discovery is invalid. In fact, Defendant's brief fails to cite a single authority from the Sixth Circuit, or this Court, for the proposition that a one deposition limit is enforceable, and thus, their cases are not particularly helpful. Instead, Defendant has extracted and relies heavily on a single opinion in which one court found its arbitration agreement was enforceable. Defendant's motion should be denied for the same reason as set forth in *Hurnvenich*.

5

**B.   Defendant's "cost splitting" provision is also unenforceable.**

In addition to the one deposition limit, Defendant's arbitration agreement includes a fee-splitting provision that requires the parties split "any and all fees and expenses of the Arbitrator" (**Exh B**). The Sixth Circuit has invalidated these agreements as unreasonable deterrents on litigants. *Morrison,* 317 F3d at 663 (a cost-splitting provision that would deter a substantial number of potential litigants, undermines the deterrent effect of the anti-discrimination statutes and is unenforceable). The *Morrison* court noted that the costs of pursuing the plaintiff's employment claims in arbitration could reach tens of thousands of dollars, "far exceeding the costs that a plaintiff would incur in court." *Id* at 669.

Plaintiff Hermiz is currently unemployed due to Defendant's actions, and should not (and under the law cannot) be forced to split the costs of an arbitration, *see also DeOrnellas v Aspen Square Mgt, Inc*, 295 F Supp 2d 753, 766 (ED Mich 2003) (finding that the cost-sharing provision in an employer's arbitration agreement was unenforceable).

### IV.   CONCLUSION

Case laws directly on point confirms that arbitration agreements that unduly restrict a plaintiff's right to obtain adequate discovery by allowing a plaintiff one deposition "absent a showing of substantial need," particularly in a fact intensive employment case, are unconscionable and unenforceable. For the

reasons set forth above, Plaintiff respectfully requests an Order denying Defendant's motion.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Carol A. Laughbaum (P41711)
Raymond J. Sterling (P34456)
Brian J. Farrar (P79404)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

**PROOF OF SERVICE**

I certify that on January 6, 2017, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to all counsel of record.

/s/Brian J. Farrar
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com

7