UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

CRYSTAL HERMIZ,

        Plaintiff,                   Case No.
                                            Hon.

vs.

CREDIT ACCEPTANCE CORPORATION,
a Michigan corporation,

        Defendant.
_____/
Carol A. Laughbaum (P41711)
Brian J. Farrar (P79404)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com
bfarrar@sterlingattorneys.com
_____/

# COMPLAINT AND JURY DEMAND

     Plaintiff, Crystal Hermiz, by her attorneys Sterling Attorneys at Law, P.C., for her Complaint against Defendant, submits the following:

## JURISDICTION AND PARTIES

     1.    This is an action for pregnancy/sex discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* and for violations of the Family and Medical Leave Act, 29 USC 2601 *et seq.,* arising out of Plaintiff's employment relationship with Defendant.

2. Plaintiff Crystal Hermiz is a resident of White Lake, Michigan, within the Eastern District of Michigan.

3. Defendant Credit Acceptance Corporation is a Michigan corporation that maintains its principal place of business in Southfield, Michigan, within the Eastern District of Michigan.

4. The events giving rise to this cause of action occurred within the Eastern District of Michigan.

5. This Court has jurisdiction of Plaintiff's claims pursuant to 28 USC 1331 (federal question), and 28 USC 1367 (supplemental jurisdiction).

## BACKGROUND FACTS

6. On or about July 30, 2012, Plaintiff Hermiz became employed by Defendant as a Credit Analyst.

7. In April 2015, Plaintiff Hermiz was promoted to Senior Credit Analyst.

8. Throughout her employment with Defendant, Plaintiff performed her job duties in a manner that was satisfactory or better.

9. In fact, in its monthly rankings, Defendant consistently ranked Plaintiff as the #1 or #2 analyst in the entire department (of 85 analysts).

10. In late 2014, Plaintiff moved to a new team within her department and began reporting to a new manager, Regina Lee.

11. At that time, Plaintiff was suffering from migraines and was intermittently using time under the Family Medical Leave Act ("FMLA") to cope with her symptoms.

12. Previously, Defendant's Human Resources Department had approved Plaintiff use of up to two days of FMLA leave per week.

13. Lee repeatedly expressed disapproval with respect to Plaintiff taking intermittent FMLA leave. Among other comments, Lee told Plaintiff, "I can't just let you leave when you want," and informed Plaintiff that she could not take a full day of FMLA leave, but was restricted to taking a maximum of four hours of time off on any given day.

14. Plaintiff reported Lee's comments to HR, who advised Plaintiff that she was being too sensitive. Due to Defendant's hostility and/or indifference to Plaintiff's FMLA needs, Plaintiff often reported to work and/or continued to work while experiencing debilitating migraine headaches.

15. In early July 2016, Plaintiff Hermiz informed Ms. Lee that Plaintiff was pregnant, with a due date in in March 2017.

16. Plaintiff also advised Ms. Lee that she would be requiring FMLA leave due to her pregnancy.

17. March is typically one of Defendant's busiest seasons.

18. On July 13, 2016, at approximately 5:05 p.m., Lee sent an email to her team requesting that they stay late to assist another team.

3

19. Plaintiff and Lee had a prior arrangement under which they agreed that Plaintiff's workday ended at 5:30 p.m., consistent with Plaintiff's childcare arrangements.

20. On July 13, 2016, Plaintiff left work at her usual, pre-approved, time.

21. On July 14, 2016, Plaintiff met with Lee and another supervisor for Plaintiff's monthly performance evaluation. Plaintiff received a rating of 5, the highest score possible.

22. During that meeting, Lee asked Plaintiff why she had left "early" the previous day. Plaintiff responded that she left at her usual time and was not able to make other arrangements upon receiving Lee's email near the end of the day.

23. Plaintiff also reminded Lee that she frequently worked late, but was unable to do so the prior day.

24. Lee became angry and loud, and called Plaintiff a "liar."

25. Plaintiff stated that she was uncomfortable with the tone of the meeting and Lee's obvious hostility toward her, and asked to be transferred to another team. Plaintiff's request to move to another team, and offer to step down to an Analyst position were denied.

26. On July 21, 2016, Defendant fired Plaintiff on the purported basis of "job abandonment."

Case 2:16-cv-14089-VAR-RSW   ECF No. 8-2, PageID.113   Filed 01/06/17   Page 5 of 8
EXHIBIT A
2:16-cv-14089-VAR-RSW   Doc # 1   Filed 11/18/16   Pg 5 of 8   Pg ID 5

## COUNT I

### *Pregnancy/Sex Discrimination*
### *Michigan's Elliott Larsen Civil Rights Act*

27. Plaintiff incorporates the preceding paragraphs by reference.

28. At relevant times, Plaintiff was an employee and Defendant was her employer covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2201.

29. Michigan's ELCRA prohibits sex discrimination, which includes discrimination on the basis of pregnancy and childbirth. MCL 27.2201(d).

30. Defendant's treatment of Plaintiff, as described above, was based, at least in part, on unlawful consideration of her pregnancy.

31. Defendant and Plaintiff's supervisors were predisposed to discriminate against Plaintiff based on her pregnancy.

32. The actions of Defendant and Plaintiff's supervisors were deliberate and intentional, and engaged in with reckless indifference to the rights and sensibilities of Plaintiff.

33. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, she has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and

Case 2:16-cv-14089-VAR-RSW ECF No. 8-2, PageID.114 Filed 01/06/17 Page 6 of 8
EXHIBIT A
2:16-cv-14089-VAR-RSW Doc # 1 Filed 11/18/16 Pg 6 of 8 Pg ID 6

embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT II

### *Family and Medical Leave Act Violations*

34. Plaintiff incorporates the preceding paragraphs by reference.

35. At all relevant times, Plaintiff was an employee and Defendant was her employer by and within the meaning of the Family and Medical Leave Act (FMLA), 29 USC 2601 *et seq.*

36. At relevant times, Plaintiff was engaged in an activity protected by the FMLA.

37. At relevant times, Defendant knew the Plaintiff was exercising her rights under the FMLA.

38. Defendant unlawfully and wrongfully retaliated against Plaintiff for exercising her rights under the FMLA by harassing her and terminating her employment.

39. The actions of Defendant were deliberate and intentional, and engaged in with reckless indifference to the rights and sensibilities of Plaintiff.

40. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, she has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and

Case 2:16-cv-14089-VAR-RSW   ECF No. 8-2, PageID.115   Filed 01/06/17   Page 7 of 8
**EXHIBIT A**
2:16-cv-14089-VAR-RSW   Doc # 1   Filed 11/18/16   Pg 7 of 8   Pg ID 7

emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

### RELIEF REQUESTED

For all the foregoing reasons, Plaintiff Crystal Hermiz demands judgment against Defendant as follows:

A. **Legal Relief:**

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary damages in whatever amount she is found to be entitled;

3. Liquidated damages in whatever amount she is found to be entitled;

4. A judgment for lost wages and benefits in whatever amount she is found to be entitled;

5. An award of interest, costs and reasonable attorney fees; and

6. Whatever other legal relief appears appropriate at the time of final judgment.

B. **Equitable Relief:**

1. An injunction out of this Court prohibiting any further acts of wrong-doing;

2. An award of interest, costs and reasonable attorney fees; and

3. Whatever other equitable relief appears appropriate at the time of final judgment.

Case 2:16-cv-14089-VAR-RSW ECF No. 8-2, PageID.116 Filed 01/06/17 Page 8 of 8
EXHIBIT A
2:16-cv-14089-VAR-RSW   Doc # 1   Filed 11/18/16   Pg 8 of 8   Pg ID 8

## JURY DEMAND

Plaintiff Crystal Hermiz by her attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

        Respectfully submitted,

        STERLING ATTORNEYS AT LAW, P.C.

        By:  /s/Carol A. Laughbaum
            Carol A. Laughbaum (P41711)
            Brian J. Farrar (79404)
            Attorneys for Plaintiff
            33 Bloomfield Hills Pkwy., Ste. 250
            Bloomfield Hills, MI 48304
            (248) 644-1500

Dated: November 18, 2016