UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL HERMIZ,

    Plaintiff,

v.

CREDIT ACCEPTANCE CORPORATION,

    Defendant.
_____/

Case No: 16-14089
Honorable Victoria A. Roberts

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. #6]

### I. INTRODUCTION

When Crystal Hermiz ("Hermiz") began her employment with Credit Acceptance Corporation ("CAC"), she signed an Agreement to arbitrate all employment-related disputes.

Hermiz does not dispute that she signed the Agreement, and she acknowledges that she read the Alternative Dispute Resolution Policies and Procedures. The Policies and Procedures – not challenged by Hermiz – contain a clause that delegates to the arbitrator:

> "exclusive jurisdiction to hear and resolve any and all claims covered by this ADR Policy and Procedure, including … disputes relating to the interpretation, applicability, or formation of this Agreement … no court or agency – whether federal, state, local or otherwise – shall have any jurisdiction to hear or resolve any claims."

1

Hermiz was fired a month after she requested Family Medical Leave due to her pregnancy. She filed a lawsuit; CAC seeks its dismissal and demands arbitration.

Hermiz contends that the Agreement in its entirety is unconscionable because it limits discovery to one deposition and requires the parties to equally split arbitrator fees. Because the law is clear that "attacks on the validity of an entire contract, as distinct from attacks aimed at the arbitration clause, are within the arbitrator's ken," *Preston v. Ferrer*, 552 U.S. 346, 353 (2008), the Court **GRANTS** CAC's motion.

## II.     ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S. § 1 et seq., establishes a fundamental principle to encourage arbitration as an alternative to litigation. Under § 2 of the FAA, arbitration agreements are contracts which may be invalidated for fraud, duress, or unconscionability.

There is no question that the parties agreed to arbitrate. However, Hermiz says the Agreement is unconscionable because of the limited discovery allowed and the fee-splitting provision.

The Supreme Court resolved this very dispute in *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010). In *Rent-A-Ctr*, an arbitration agreement required the parties to arbitrate all employment disputes. The agreement also contained a delegation clause that gave "the arbitrator, and not any federal, state, or local court … exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation" of the arbitration agreement. *Id.* 561 U.S. at 66. This clause is almost identical to the delegation clause in the Agreement.

The *Rent-A-Ctr* Court held that "unless the employee challenges the delegation provision specifically, [the Court] must enforce [the provision] – leaving any challenges to the validity of the agreement as a whole for the arbitrator." *Id.* at 72.

Hermiz argues that limiting discovery makes it difficult to litigate her discrimination claim. She also says the fee splitting provision makes it too expensive for her to litigate. She makes no claim that either provision hinders her ability to prove the Agreement is void and unenforceable; she does not challenge the delegation clause.

Despite the clear holding of *Rent-A-Ctr*, Hermiz relies on *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 387-99 (6th Cir. 2005) to argue that in Michigan, an arbitration agreement that unreasonably limits discovery to one deposition is unconscionable.

Her reliance is misplaced; *Walker* addressed the unconscionability of discovery limitations when an arbitrator with a clear bias for the employer – makes discovery decisions.

*Walker* also involved an arbitrable employment dispute. The Plaintiffs signed an arbitration agreement that limited discovery to one deposition. The Agreement said additional depositions were "not encouraged and shall be granted [at the discretion of the arbitrator] in extraordinary fact situations only for good cause shown." The arbitrator in that case was Employment Dispute Services, Inc. – which the Court found to be biased in favor of the employer. *Id.* 400 F.3d at 387.

The Court held that "the limited discovery, controlled by a potentially biased arbitration panel, … creates the unfairness to claimants." The potential for bias made the agreement unconscionable, not that the agreement allowed only one deposition. *Id.*

3

Hermiz does not challenge the provision of her Agreement that grants authority to the arbitrator to hear and resolve all of her claims. Nor does she contend that the American Arbitration Association is unfairly biased in favor of CAC.

Since Hermiz fails to show that the provisions of the Agreement which she challenges make it unconscionable to arbitrate validity and enforceability, her challenge fails.

### III. CONCLUSION

Hermiz challenges the enforceability of the Agreement as a whole and not the delegation clause. Accordingly, the arbitrator – not the Court – must decide if the Agreement is unconscionable.

The parties are ORDERED to engage in arbitration according to the procedures in the Agreement. CAC's Motion is **GRANTED** and the case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 16, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 16, 2017.

s/Linda Vertriest
Deputy Clerk

4